IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-123-D

| | | |
|---|---|---|
| VENTOSA KENNELS, INC., <br> and TENNESSEE BOWLING, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) <br> ) | |
| v. | ) <br> ) | **ORDER** |
| JEFFREY SCOTT FRANKLIN, <br> ULRIKA FRANKLIN, and <br> COBRA CANINE, L.L.C., | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

On July 21, 2014, defendants moved for an order compelling plaintiffs to arbitrate their claims against defendants. See [D.E. 9]. Defendants also filed a memorandum in support of the motion. See [D.E. 10]. On August 31, 2014, plaintiffs responded in opposition [D.E. 14]. On September 15, 2014, defendants replied [D.E. 15] and filed an affidavit from Jeffrey Scott Franklin. See [D.E. 16]. On September 22, 2014, plaintiffs filed an affidavit from Tennessee Bowling. See [D.E. 18]. As explained below, the court grants the motion to compel arbitration.

The record demonstrates: (1) the existence of a dispute between the parties; (2) a written business purchase agreement between Ventosa Kennels, Inc. and Cobra Canine, L.L.C. that includes an arbitration provision purporting to cover the dispute and that is enforceable under general provisions of contract law; (3) the relationship of the transaction, as evidenced by the written agreement, to interstate commerce; and (4) plaintiffs' refusal to arbitrate the dispute. Thus, the court grants the motion to compel arbitration. See, e.g., Marmet Health Care Ctr., Inc. v. Brown, 132 S. Ct. 1201, 1202–03 (2012) (per curiam); CompuCredit Corp. v. Greenwood, 132 S. Ct. 665, 669 (2012); AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1744 (2011); Citizens Bank v.

Alafabco, Inc., 539 U.S. 52, 56–58 (2003); Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91–92 (2000); Santoro v. Accenture Fed. Servs., LLC, 748 F.3d 217, 221 (4th Cir. 2014); Rota-McLarty v. Santander Consumer USA, Inc., 700 F.3d 690, 697–98 (4th Cir. 2012); Levin v. Alms & Assocs., Inc., 634 F.3d 260, 267 (4th Cir. 2011); J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A., 863 F.2d 315, 321 (4th Cir. 1988); Newman v. First Montauk Fin. Corp., No. 7:08-CV-116-D, 2010 WL 2933281, at *7–8 (E.D.N.C. July 23, 2010) (unpublished); Aspen Spa Props., LLC v. Int'l Design Concepts, LLC, 527 F. Supp. 2d 469, 473 (E.D.N.C. 2007). Moreover, all of the disputes between plaintiffs and defendants arise under the business purchase agreement containing the arbitration provision. See Compl. [D.E. 1-1] ¶¶ 1–84. Thus, a significant relationship exists between the asserted claims and the business purchase agreement. See, e.g., Levin, 634 F.3d at 266–69; Long v. Silver, 248 F.3d 309, 319–21 (4th Cir. 2001); J.J. Ryan & Sons, Inc., 863 F.2d at 320–21. Accordingly, all disputes between the parties are subject to arbitration. See, e.g., Long, 248 F.3d at 320–21; Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1360 (2d Cir. 1993) ("Courts in this and other circuits consistently have held that employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement."); Arnold v. Arnold Corp.-Printed Comms. For Bus., 920 F.2d 1269, 1281–82 (6th Cir. 1990) (same); J.J. Ryan & Sons, Inc., 863 F.2d at 320–21.

In sum, the court GRANTS defendants' motion to compel arbitration [D.E. 9]. The court STAYS the action pending arbitration of plaintiffs' claims. The parties shall notify this court upon concluding the arbitration.

SO ORDERED. This ⟨ day of October 2014.

JAMES C. DEVER III
Chief United States District Judge

2